## City of Owensboro v. Skillman.

(Decided October 3, 1913).

Appeal from Daviess Circuit Court.

Indemnity—Action by Municipality for—Construction of Concrete Walk—Ordinance.—The primary cause of the injury for which the city seeks indemnity from the property owner was the construction of the concrete walk on the grade furnished by the city and by its consent and approval and under its ordinance, together with the city's failure to properly light its street; it, therefore, cannot recover the indemnity.

ROBT. S. TODD for appellant.

LA VEGA CLEMENTS, W. E. AUD for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Prior to May, 1906, appellee was the owner of a lot on the east side of Triplett street in Owensboro in front of which was a brick pavement; at that time he substituted a concrete pavement for the brick one.

Before doing so, however, he procured from the city authorities the grade of the street, which had theretofore been fixed by ordinance; he constructed his concrete pavement on the grade so furnished him, although at the time there was no compulsory ordinance requiring the residents of that street to construct such pavements. There was subsequently in 1907 such an ordinance passed, and the pavement so previously constructed by appellee was in strict conformity with the requirements of the subsequent ordinance.

Upon completion of the concrete walk on the grade so fixed by the city it was found at the south end of appellee's property where he adjoined Neubauer's, the grade of Neubauer's brick pavement was about ten inches higher than that of the concrete pavement, thereby making a 'step off'; two or three days later, observing that the brick in Neubauer's pavement where it joined his concrete walk were breaking loose, he procured a plank and setting it edgewise along this elevation undertook to fortify or to brace the brick in the end of Neubauer's pavement so they would not loosen or disintegrate.

This condition remained until August, 1907, when one night Mrs. Elizabeth Williams in walking along the street, stepped off of this elevation and injured herself,

whereupon she instituted an action against the City of Owensboro and was awarded a judgment of $1,250 in damages, which upon appeal to this court was affirmed. (City of Owensboro v. Williams, 116 S. W., 280.)

Soon after the filing of that action against appellant by Mrs. Williams it caused to be executed upon appellee a notice of the nature and pendency of the action, and called upon him to appear and defend the same, which he failed to do.

Some time after the payment of the judgment by the city it instituted this action against appellee to recover from him the total amount it had been compelled to pay to Mrs. Williams, proceeding upon the idea that primarily Skillman's negligence in placing the plank edgewise between the brick and concrete pavements was the cause of the accident to Mrs. Williams, and that he should indemnify the city.

Upon the trial the whole record in the case of Mrs. Williams against the city was by agreement introduced as evidence, and by agreement a jury trial was waived and the law and facts submitted to the court for judgment. The lower court dismissed the plaintiff's petition, and it appeals.

The finding of fact by the lower court is in substance that Skillman constructed his concrete walk on a grade established by the city, which necessarily lowered the end of his walk about ten inches lower than the brick pavement of Neubauer, and that Skillman placed a plank edgewise, some two or three days after the completion of his concrete walk at this point, to hold the brick of Neubauer's pavement in place, and that the top of the plank was practically even with the brick of Neubauer's pavement; that his purpose in placing the plank was to prevent the brick in Neubauer's pavement from falling; that this elevation of ten inches, thus created, remained substantially in that condition up to the time of Mrs. Williams' injury.

The evidence of Mrs. Williams on the trial of her action against the city was, that she stepped off this elevation in the dark at night, and that she did not know of its existence.

It would be unprofitable to enter into a discussion of primary and secondary negligence in this case; the plain facts show that the injury of Mrs. Williams was directly caused by the elevation between the two pave-

ments, and the fact that the plank was placed there edgewise has no bearing on it. The elevation would have been there if the plank had not been so placed; the only difference is that the pavement at that point might have been in worse condition.

The question whether the elevation so caused by the construction of appellee's walk was by the city's consent and approval is settled; the opinion of this court in the Williams case is conclusive of that question.

The negligence was primarily that of the city; the condition having been created by and with its approval and under its ordinance, which together with its failure to properly light its streets at night was the direct cause of the injury.

The judgment is affirmed.